IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAURUS BLOSSOM, individually and for others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., and DR. VIPIN SHAH,<br><br>　　　　　Defendants. | Case No. 22-cv-361-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　This matter is before the Court on a motion to dismiss or to strike or, alternatively, for more definite statement filed by Wexford Health Sources, Inc. ("Wexford") (Doc. 15). Dr. Vipin Shah filed a motion to join Wexford's motion to dismiss (Doc. 25). Blossom filed responses to both motions (Docs. 17 and 26). Wexford and Dr. Shah seek to dismiss the class action claim in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, they argue that the class action allegations should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

　　Although Defendants cite to Federal Rule of Civil Procedure 12(b) and 12(f) to dismiss Blossom's class claims, the Court finds that Defendants' motions fail under those standards. Rule 12(b)(6) is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief

that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Rule 12(f), on the other hand, allows the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f).

Blossom's Complaint alleges that Wexford had a policy of refusing to prescribe Tramadol even when it met the standard of care. This refusal amounted to deliberate indifference and caused Blossom and "others similarly situated" harm. Although Blossom does not define the "others similarly situated" in his Complaint, Rule 8 only requires that the complaint contain a short and plain statement regarding the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. *See* Fed. R. Civ. P. 8(a). "Class definitions are not on that list." *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015). Blossom's Complaint adequately sets forth a claim for deliberate indifference; thus, a motion to dismiss pursuant to Rule 12(b) is inappropriate at this time. Similarly, the Court finds a motion to strike under Rule 12(f) is also inappropriate.

Instead, whether a class action may proceed is subject to Federal Rule of Civil Procedure 23. Rule 23(c)(1)(A) states that "[a]t an early practicable time after a person

sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." It is usually impracticable to make that determination at the pleading stage—although a motion to strike may be appropriate if the "allegations are facially and inherently deficient." *See Buonomo v. Optimum Outcomes, Inc.*, Case No. 13-cv-5274, 301 F.R.D. 292, 295 (N.D. Ill. March 17, 2014); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp.2d 817, 829 (N.D. Ill. 2013) ("Most often it will not be 'practicable' for the court to [determine class certification] at the pleading stage, but sometimes the complaint will make it clear that class certification is inappropriate."); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("a court may deny class certification even before the plaintiff files a motion requesting certification."). "A court should only strike class allegations in 'exceptional case[s] where it is clear from the complaint that circumstances warrant a motion to strike class allegations to conserve court and party resources and where the pleadings make clear that the suit cannot satisfy Rule 23.'" *Fairly v. McDonald's Corp.*, Case No. 20-cv-2273, 2021 WL 3054804, at *4 (N.D. Ill. July 20, 2021) (quoting *Jones v. BRG Sports, Inc.*, Case No. 18 C 7250, 2019 WL 3554374, at *4 (N.D. Ill. Aug. 1, 2019)). If the dispute is factual in nature and "discovery is needed to determine whether a class should be certified" then a motion to strike the pleadings is premature. *Buonomo*, 301 F.R.D. at 295. *See also Boatwright v. Walgreen Co.*, Case No. 10 C 3902, 2011 WL 843898, at * 2 (N.D. Ill. March 4, 2011) ("a decision denying class status by striking class allegations at the pleading stage is inappropriate").

Simply put, the Court finds it premature to determine the issue of class certification at this stage. Although the Complaint does not set forth any further

information about a proposed class, discovery has not yet begun. Discovery into the allegations will be helpful in determining whether Blossom can set forth an adequate class definition. *See Kasalo*, 656 F.3d at 563 ("[The court] need not delay a ruling on class certification if it thinks that additional discovery would not be useful in resolving the class determination."). Without some discovery on the matter, the Court is hesitant to find that a class action is inappropriate. The Court likewise cannot find at this time that any proposed class would be duplicative of a class proceeding in *Lippert v. Baldwin*, Case No. 10-cv-04063 (N.D. Ill.).

Accordingly, the Court **DENIES** Defendants' motions to dismiss (Docs. 15 and 25). The parties are **DIRECTED** to meet and confer and prepare a joint discovery schedule. A scheduling conference will be set by separate notice.

**IT IS SO ORDERED.**

DATED:   January 17, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**