# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAURUS BLOSSOM, individually and for others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., and DR. VIPIN SHAH,<br><br>      Defendants. | Case No. 3:22-CV-361-NJR |

## SECOND QUALIFIED HIPAA PROTECTIVE ORDER

**ROSENSTENGEL, Chief Judge:**

Pursuant to Federal Rule of Civil Procedure 26(c), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified primarily at 18, 26 and 42 U.S.C., and 45 C.F.R. §§ 160.103 & 164.501, the Court **ORDERS** as follows:

    A.    The following words and terms are defined for purposes of this agreed, qualified protective order:

        1.    "Parties" shall mean plaintiff, defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

        2.    "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

        3.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

      4.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.

      5.    PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of the patient, (b) the provision of care to the patient, or (c) the payment for care provided to the patient, which identifies the patient or which reasonably could be expected to identify the patient.

    B.    The Parties are familiar with HIPAA and the Privacy Standards.

    C.    The Court **FURTHER ORDERS** the following terms and conditions:

      1.    Subject to the conditions outlined herein, the Parties are hereby authorized to receive, subpoena, and transmit PHI pertaining to all individuals who were provided tramadol by a health care provider while confined at the Robinson Correctional Center between December 1, 2019 and April 1, 2020.

      2.    All "covered entities" (as defined by 45 C.F.R. §160.13) are hereby authorized to disclose to the Parties PHI pertaining to all individuals who were imprisoned at the Robinson Correctional Center between January 1, 2020 and April 1, 2020 and who had a prescription for tramadol.

      3.    The Parties agree not to use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding. The PHI shall be used or disclosed only for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

4. Before disclosing the PHI to persons involved in this litigation, counsel shall inform each such person that the PHI may not be used or disclosed for any purpose other than this litigation and shall obtain that person's agreement to abide by the terms of this Order. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation. All such information and copies thereof shall be marked as "Confidential and subject to Protective Order."

5. The Parties agree to store all PHI while it is in their possession according to the Privacy Standards.

6. The Parties agree at the termination of this proceeding to return all PHI obtained during the course of this proceeding to the covered entity or to destroy any and all copies of the PHI, except counsel are not required to secure the return or destruction of PHI submitted to the Court.

7. This Order does not control or limit the use of PHI that comes into the possession of the Parties from a source other than a "covered entity," as that term is defined in 45 C.F.R. §160.103.

8. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file PHI under seal.

**IT IS SO ORDERED.**

DATED:   April 6, 2023

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**